UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
KENDALL SMITH                               :
                                            :    CASE NO. 4:08-CR-273
         Petitioner,                        :
                                            :
     v.                                     :    OPINION & ORDER
                                            :    [Resolving Doc. No. 83]
UNITED STATES OF AMERICA,                   :
                                            :
         Respondent.                        :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Kendall Smith moves *pro se* under 28 U.S.C. § 2255 to vacate his sentence, claiming that ineffective assistance of counsel and prosecutorial misconduct resulted in an involuntary plea agreement. [Doc. 83.] Smith also requests an evidentiary hearing to develop the record. [Doc. 83; Doc. 94.] Responding, the government argues that Smith's arguments are baseless and that he knowingly and voluntarily accepted the plea agreement. [Doc. 90.] For the following reasons, this Court **DENIES** the Petitioner's motion.

**I. Background**

On June 25, 2008, Smith was indicted along with two co-defendants. [Doc. 1.] Smith was charged with three counts: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

-1-

Case No. 4:08-CR-273
Gwin, J.

(b)(1)(B). On December 9, 2008, Smith pled guilty to Count 1 of the indictment after having reached a plea agreement. [Doc. 71.] On February 5, 2009, the Court sentenced Smith to 100 months imprisonment followed by five years supervised release; all consistent with the applicable sentencing guidelines. [Doc. 54.] At the request of the government, the Court dismissed Counts 2 and 3 as part of the plea agreement. [Doc. 54.]

Smith filed the instant motion on November 1, 2010. In his motion, Smith claims five grounds for relief: (1) ineffective assistance of counsel for failure to inform Petitioner of his right to a *Franks* hearing prior to guilty plea; (2) ineffective assistance of counsel for threatening to withdraw from the case unless Petitioner pleaded guilty; (3) prosecutorial misconduct based on verbal threats and concealment of facts; (4) use of improper sentencing guidelines; (5) ineffective assistance of counsel for counsel's failure to object at sentencing to an incorrect determination of Smith's criminal history category and sentencing range. [Doc. 83; Doc. 94.]

## II. Legal Standard

*A. Section 2255 Petition*

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

>1) That the sentence was imposed in violation of the Constitution or laws of the United States;
>2) That the court was without jurisdiction to impose such sentence;
>3) That the sentence exceeded the maximum authorized by law; or
>4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

Case No. 4:08-CR-273
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

### B. Ineffective Assistance Of Counsel

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test. First, he must show that his attorney's performance was so deficient that the attorney was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. Nonetheless, the court must make an independent judicial evaluation of counsel's performance to determine whether counsel acted reasonably under all the circumstances. *Roe v. Flores-Ortega*, 528 U.S. 470, 480-81 (2000). The Supreme Court in *Strickland* emphasized that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Case No. 4:08-CR-273
Gwin, J.

Second, the movant must show that the deficient performance prejudiced the defense so seriously as to deprive him of a fair trial.  *Id.* at 687.  The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."  *Id*. at 697.

### III. Analysis

#### A.  Ground One: Failure to Inform About Franks Hearing

Smith argues that his counsel, Joseph Gardner, was ineffective for failing to inform him of the potential for a *Franks* hearing to challenge the validity of the warrants issued to search Smith's residence and vehicle. [Doc. 84 at 4.] Smith acknowledges, however, that Gardner filed a motion to suppress evidence resulting from Smith's arrest and the subsequent searches of his vehicle and residence. [Doc. 84-2; Doc. 85 at 5.] And, in his petition for relief, Smith admits that the government's case was strong and that the applicable law and facts weighed against success on the motion.  [*See* Doc. 85 at 4-5.] Smith withdrew his evidentiary challenges in exchange for a plea arrangement that would secure a downward departure from his otherwise mandatory minimum 120-month sentence.

Smith's claims that he would have rejected the plea agreement had he known about the *Franks* hearing is unpersuasive.  Smith was well aware of his potential sentence and the chances for success on suppression of evidence, and his arguments on unlawful search and seizure could have been presented during the suppression hearing.  Moreover, the government said it was

Case No. 4:08-CR-273
Gwin, J.

unable to offer a plea arrangement until evidentiary challenges were withdrawn, [Doc. 30 at 2; Doc. 90 at 6]; this would have included any request for a *Franks* hearing had one been filed. After weighing his options with the advice of counsel, Smith voluntarily accepted the plea agreement.

Moreover, this Court is not persuaded that Smith was necessarily entitled to such a hearing in the first place. A defendant desiring a *Franks* hearing must show that his is the "*very rare case where the defendant makes a strong preliminary showing that the affiant with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause." Mays v. City of Dayton, 134 F.3d 809, 816 (6th Cir.1998) (emphasis in original). The Sixth Circuit "has repeatedly held that the standard for obtaining a *Franks* hearing is higher for a claim of material omission than for an allegedly false affirmative statement." United States v. Khami, 362 Fed. App'x 501, 505 (citing United States v. Fowler, 535 F.3d 408, 415 (6th Cir. 2008)).

Smith does not sufficiently allege that the prosecution made material factual omissions with the intent to mislead. Smith says that the prosecuting attorney Linda Barr called Attorney Gardner's office to demand withdrawal of Smith's recently filed motion to suppress. [Doc. 85 at 5-6]. Smith states that Barr intimated that she feared agents "purposefully omitt[ed] critical information about the unlawful arrest and seizure from the affidavits in support of the applications for search warrant," [Doc. 85 at 5-6]– namely, that officers left out the information that Smith was taken into custody before the issuance of the search warrants, [Doc. 84 at 11-12]. Gardner, meanwhile, denies that Barr placed this call. Smith's assertions are simply "too conclusory to constitute the substantial showing required by this Circuit" for entitlement to a

-5-

Case No. 4:08-CR-273
Gwin, J.

*Franks* hearing. Id. at 506. Thus, even assuming Smith's counsel failed to inform Smith of the *Franks* hearing, Smith was not prejudiced because his allegations did not entitle him to the hearing in the first place.

### B. Ground Two: Threatening Withdrawal

Smith claims that Gardner coerced Smith to enter into a plea agreement by threatening to withdraw from the case. [Doc. 83 at 7.] Evidence, however, shows that Smith knowingly accepted the plea agreement based on an informed review of the merits of his case. "A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances." *United States v. Smith*, 50 F. App'x 228, 229 (6th Cir. 2002) (citing *Brady v. United States*, 397 U.S. 742, 749 (1970)). Rule 11 of the Federal Rules of Criminal Procedure requires that, prior to accepting a plea of guilty, a court must inform the defendant of his trial rights, the nature of the charges and penalties, and the consequences of entering a guilty plea, including the terms of any plea agreement by which the defendant waives some or all of his appellate rights. Fed. R. Crim. P. 11(b)(1). A properly conducted and recorded Rule 11 colloquy is a strong barrier against subsequent collateral attack of a guilty plea. *See McCarthy v. United States*, 394 U.S. 459, 465 (1969) (noting that "the more meticulously [Rule 11] is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.").

The record reflects that the Court fully informed Smith of his rights and provided Smith the opportunity to voice any complaints or misunderstandings about the proceedings or his representation. Specifically, upon entering the plea agreement, the Court asked Smith about

Case No. 4:08-CR-273
Gwin, J.

Gardner's performance in representing him. Smith, in open court and under oath, approved of Gardner and the way in which he handled the case:

> THE COURT: Are you satisfied with Mr. Gardner's representation and advice given to you in this case?
>
> THE DEFENDANT: Yes, sir.

[Doc. 71 at 5:21-24.] Moreover, the plea agreement, which was summarized in court and signed by Smith, states that "the defendant acknowledges that his offer to plead guilty is freely and voluntarily made, and that no threats, promises, or representations have been made, nor agreements reached, other than that which has been set forth in th[e] agreement." [*Id*. at 14:20-25.] These statements made to the District Court carry a strong presumption of truthfulness. *See United States v. Rennick,* 219 Fed. App'x 486, 490 (6th Cir. 2007). "A defendant is bound by his responses to the district court's inquiries where the district court has scrupulously followed the Rule 11 procedures . . . ." *Id.* (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). At no time did Smith suggest that Gardner was coercive, misleading, or derelict in his duties. Smith had the opportunity to object to Gardner's representation prior to entering the plea agreement, but he failed to do so. Smith's allegations after the fact are unpersuasive and do not entitle him to relief from his plea agreement.

### C. Ground Three: Prosecutorial Misconduct

Similarly, Smith argues that prosecutorial misconduct rendered his guilty plea involuntarily. [Doc. 83 at 8.] Specifically, Smith says that the government threatened to withdraw the plea offer unless Smith withdrew his motion to suppress. [Doc. 83 at 8.] However, there is

Case No. 4:08-CR-273
Gwin, J.

no constitutional right to a plea bargain, and generally the decision whether to offer a plea bargain, or the terms of the agreement, is a matter of prosecutorial discretion. *See Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846 (1977). The government could condition Smith's plea bargain on withdrawal of his motion to suppress. In light of the circumstances and Smith's chances of success at trial, there is no evidence to suggest that Smith's decision to withdraw evidentiary challenges was uninformed or involuntarily made. Smith was not "coerced" into the plea agreement simply because he was threatened with a potentially longer sentence if he did not accept the plea agreement and proposed conditions.

Moreover, Smith admitted before the Court that he voluntarily entered into the agreement:

THE COURT: Is your plea voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone promised you anything in return for your plea, other than the recommendation in your plea agreement, of course?

THE DEFENDANT: No, sir.

THE COURT: Is anyone forcing you to enter this plea or are you doing it on your own?

THE DEFENDANT: On my own, sir.

[Doc. 71 at 29:22-30:5.] Smith understood that he faced a substantially longer prison sentence if he did not accept the plea bargain. In hindsight, he may question his decision to accept the bargain, but this alone does not entitle him to relief from judgment.

Case No. 4:08-CR-273
Gwin, J.

### D. Ground Four: Use of Improper Sentencing Guidelines

Smith also claims that his sentence should be reduced based upon recent amendments to the sentencing guidelines. Smith suggests that because the 2010 version of the sentencing guidelines eliminated "recency points," which are added to a criminal defendant's criminal history score if the current offense was committed within two years of release from prison, the Court should revisit and adjust his sentence. *See* U.S.S.G. § 4A1.1(e) (2009) (amended Nov. 1, 2010). Smith was sentenced in February 2009, prior to the effective date of the amendment. As Smith admits, the 2010 amendment is not retroactive and thus does not reach Smith's sentence. *See* U.S.S.G. § 1B1.10(c). The signed plea agreement itself mandates that "the court must consider the Advisory United States Sentencing Guidelines *in effect at the time of sentencing* in determining a reasonable sentence." [Doc. 71 at 11:22-24 (emphasis added).] Because Smith's sentence was correctly imposed under the guidelines in affect at the time, Smith is not entitled to relief based on recent modifications to the sentencing guidelines.

### E. Ground Five: Failure to Object to Criminal History Determination

Further, Smith claims that the Court erred in calculating his criminal history category for purposes of sentencing by including his prior conviction for resisting arrest without violence. [Doc. 83 at 10; Doc. 94 at 2.] Smith argues that his resisting arrest conviction "is an offense that is excludable if it is committed without injury or violence," and thus should not have led to a one point increase in Smith's criminal history category. [Doc. 94 at 2.] Prior to Smith's sentencing proceedings, Gardner filed a brief objecting to the criminal history calculation, [Doc. 53], but he did not address this argument. Smith thus contends that he is entitled to relief for ineffective assistance of counsel.

-9-

Case No. 4:08-CR-273
Gwin, J.

Smith, however, misconstrues the sentencing guidelines and the Presentence Investigation Report; the Court correctly calculated the criminal history category and sentencing range under the Guidelines.

Smith's argument is based on the U.S.S.G.'s guidance that certain prior offenses, such as resisting arrest, should be excluded when calculating a defendant's criminal history category at sentencing.  *See* U.S.S.G. § 4A1.2(c).  The offense of resisting arrest is counted "only if (A) the sentence was for a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."  *Id.*  The Presentence Investigation Report indicates that the disputed one point increase was not merely for Smith's conviction on resisting arrest charges, but also for assaulting a police officer—a crime Smith was convicted of in conjunction with his resisting arrest. [Presentence Investigation Report, at 10.] Because the assault conviction is not excluded under U.S.S.G. § 4A1.2(c), the point was properly added to Smith criminal history score.  Smith has thus failed to demonstrate any error in his counsel's failure to challenge the computation of Smith's prior history category on these grounds.

And, even if the criminal history category was miscalculated, such alleged error did not result in prejudice to Smith because the sentencing judge indicated that Smith's sentence was proper even under a lesser criminal history category.  Generally, a miscalculated sentencing range is deemed prejudicial error.  *See United States v. Goodman*, 519 F.3d 310, 323 (6th Cir. 2008) ("[T]he miscalculation, even though Goodman's sentence would be within the Guidelines range either with or without the one-level enhancement, was not a harmless error.").  Yet where the sentencing judge indicates that the length of the sentence imposed falls within either guideline range and would remain the same regardless of the range used, a miscalculated guideline range

Case No. 4:08-CR-273
Gwin, J.

does not affect the sentence and is deemed non-prejudicial. *United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010) ("[T]he district court indicated that its sentence would have been the same irrespective of the improper [sentencing enhancement], and its error was thus harmless."); *cf. Goodman*, 519 F.3d at 323 ("Moreover, in this case there is no indication that the district court would have selected the same sentence even without the one-level enhancement."). Smith's 100-month sentence falls well within the 87 to 108 month range permitted under the lesser criminal history category requested by Smith. The sentencing judge, when addressing the disputed criminal history determination on other grounds, stated, "frankly, the sentence falls in the range, whether you are a criminal history category III or IV." [Doc. 73 at 33:12-13.] Based on this indication, Smith would have received the same sentence regardless of the reduction in criminal history points. The overlapping guidelines, coupled with the sentencing judge's remarks regarding the irrelevance of the lower guideline range, renders any miscalculation harmless. Thus, Smith is not entitled to relief from judgment based on his criminal history calculation.

### IV. Conclusion

For the foregoing reasons, the Court finds that Smith is not entitled to relief, and **DENIES** the Petitioner's motion to vacate. The Court further finds that no hearing is necessary in the instant matter, as the record of the case conclusively shows that Smith is not entitled to relief.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a

Case No. 4:08-CR-273
Gwin, J.

certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

  IT IS SO ORDERED.


Dated: April 11, 2011       s/ *James S. Gwin*
                JAMES S. GWIN
                UNITED STATES DISTRICT JUDGE