UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

:

UNITED STATES OF AMERICA      :       CASE NO. 4:08-CR-00273

          Plaintiff,           :

:

   v.                      :      ORDER

:       [Resolving Doc. 114]

KENDALL SMITH,           :

:

          Defendant.        :

:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     Defendant Kendall Smith has filed a motion to reduce his term of imprisonment pursuant to Proposed Amendment 782 to the Sentencing Guidelines.[1]  The government opposes.[2]  For the following reasons, this Court **DENIES** the Defendant's motion.

     Kendall Smith pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 846, and on February 5, 2009, Judge Economus sentenced him to 100 months imprisonment.[3]

     In general, district courts lack jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[4]  One limited exception comes from 18 U.S.C. § 3582(c)(2), which permits reductions in imprisonment terms "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."[5]

---

[1] Doc. 114.

[2] Doc. 115.

[3] Doc. 54 at 1-2.

[4] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)).

[5] 18 U.S.C. § 3582(c)(2).

Case No. 4:08-CR-00273
Gwin, J.

The § 3582(c)(2) exception applies only where an amendment approved by the Sentencing Commission has gone into effect.[6]  Such an amendment cannot go into effect until (1) the Sentencing Commission promulgates it and submits it to Congress and (2) Congress does not disapprove it within 180 days.[7]  Moreover, for an amendment to qualify for § 3582(c)(2) purposes, the Commission must give it retroactive effect.[8]

Here, Defendant Kendall Smith seeks to rely on Amendment 782, which the Sentencing Commission promulgated and submitted to Congress on April 30, 2014.[9]  It is true that on July 18, 2014, the Commission declared that this amendment would apply retroactively to past sentences.[10]  But the Amendment cannot go into effect until 180 days have passed from its promulgation without Congressional disapproval.  Thus, motions based on Amendment 782 are premature if filed prior to November 1, 2014.

Moreover, in giving Amendment 782 retroactive effect, the Sentencing Commission specified that no reduction could have an effective date before November 1, 2015.  In other words, although courts may begin ruling on motions under Amendment 782 on November 1, 2014 if Congress does not disapprove it, any order under that amendment that reduces a term of imprisonment must result in the defendant's release no earlier than November 1, 2015.[11]  The Commission has authority to impose such restrictions on retroactivity under 28 U.S.C. § 994(u),

---

[6] *Id.*

[7] 28 U.S.C. § 994(o)-(p).

[8] *Dillon*, 560 U.S. at 826; *see* 28 U.S.C. § 994(u) (granting the Sentencing Commission authority to determine amendments' retroactive effect).

[9] Sentencing Guidelines for United States Courts, 79 Fed. Reg. 25996-02 (May 6, 2014) (noting that the proposed amendments were submitted to Congress on April 30, 2014).

[10] *See* Sentencing Guidelines for the United States Courts, 79 Fed. Reg. 44973-01 (Aug. 1, 2014) (giving notice of the retroactivity decision).

[11] *Id.*

Case No. 4:08-CR-00273
Gwin, J.

which empowers it to determine both "in what circumstances and by what amount" an amendment will be retroactive.[12] Here, Smith's anticipated release date is October 1, 2015,[10] making him likely ineligible for relief even if Congress does not disapprove Amendment 782 by November 1, 2014.

Accordingly, the Court **DENIES** Defendant Kendall Smith's motion to reduce his term of imprisonment without prejudice to Smith's right to seek a reduction if he is still being held and if the proposed amendment takes effect.

IT IS SO ORDERED

Dated: September 5, 2014                          s/            *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 994(u).
[10] Docs. 116, 116-1.

-3-